**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Crystal B.P. and John W.B., Sr., Defendants,

Of Whom Crystal B.P. is the Appellant,

In the interest of a minor child under the age of 18 years.

Appellate Case No. 2012-213526

---

Appeal From Spartanburg County
Jack A. Landis, Family Court Judge

---

Unpublished Opinion No. 2014-UP-093
Heard February 19, 2014 – Filed February 28, 2014

---

**REVERSED AND REMANDED**

---

Michael Ray Lee, of Lee Law Offices, PA, of Spartanburg, for Appellant.

Deborah Murdock, of Murdock Law Firm, LLC, of Mauldin, for Respondent.

Michael Todd Thigpen, of the Law Office of Michael Todd Thigpen, of Spartanburg, for Guardian Ad Litem.

———————

**PER CURIAM:** Crystal B.P. (Mother) appeals the termination of her parental rights (TPR) to her minor child (Child), arguing the family court erred in finding TPR was in Child's best interest. We reverse and remand.[1]

The family court may order TPR upon finding one or more of eleven statutory grounds satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). In a TPR action, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.,* 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).

We find the family court erred in finding TPR was in Child's best interest. Child is thirteen years old, nonverbal, autistic, abusive, and requires 24-hour-a-day total assistance with all of his daily activities. Child currently lives in a residential facility for autistic children where he will likely remain until he reaches the age of eighteen. Additionally, Mother is mentally disabled and suffers from other health problems, which limit her ability to care for Child. Child's Guardian Ad Litem (GAL) opined, "While there is no doubt in anyone's mind that [Mother] loves [Child] very much and wants to provide for his needs and take care of [Child], it is very doubtful that she will ever be capable of providing the necessary care." The family court found TPR was in Child's best interest because Child "is at a residential facility who [sic] can care for his every need and provide around-the-clock care." However, at the TPR hearing, Mother testified she would allow Child to remain at the facility if TPR was not granted. Furthermore, Child's Department of Social Services (DSS) caseworker testified that although two families were interested in adoption, Child "did not have a solid adoptive home." Thus, it is

———————

[1] The family court also terminated the parental rights of John W.B., Sr. (Father) to Child. Father did not file an appeal with this court. Therefore, this appeal has no effect on the family court's termination of Father's parental rights.

unclear whether TPR will ensure future stability for Child.  *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 331, 742 S.E.2d 697, 701 (Ct. App. 2013) (finding TPR was not in the child's best interest when the child bonded with the mother, the child was not a viable candidate for adoption, and DSS had not identified a pre-adoptive home).  We are aware reunification may not be a possibility given Mother's disability and Child's special needs.  However, in light of Mother's willingness to allow Child to remain at his current facility,[2] we believe it is in Child's best interest to keep Mother's parental rights intact.  *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 229-31, 678 S.E.2d 463, 467-68 (Ct. App. 2009) (reversing TPR and allowing the children to "remain in their current foster care home where they [we]re receiving the services they need[ed]" even though there was testimony the mother would probably never be able to adequately parent the children due to a mental disability).  Accordingly, we reverse the family court's TPR as to Mother and remand this case to the family court.  Child shall remain at his current facility in DSS custody.  On remand, the family court is instructed to issue an order consistent with this opinion and section 63-7-1700(I)(5) of the South Carolina Code (Supp. 2013).[3]

**REVERSED AND REMANDED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[2] We note Mother acknowledged during oral argument that Child should remain at the facility and it would not be in his best interest to return to her care.

[3] S.C. Code Ann. § 63-7-1700(I)(5) (Supp. 2013) (allowing a minor child to be "retained in foster care pursuant to a plan other than [TPR, reunification with the parent, or placement with the parent or suitable nonrelative]" and noting "future permanency planning hearings must be held at least annually").